**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Tonia Anissia DAVIS, also known as Tonia Davis, Defendant– Appellant.**

**No. 03–50719.**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Jan. 6, 2004.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

Joseph H. Gay, Jr., Assistant US Attorney, Margaret M. Embry, US Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Stanley Lee Schwieger, Waco, TX, for Defendant–Appellant.

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM.*

Tonia Anissia Davis appeals the sentence imposed following her guilty-plea conviction for conspiracy to make, utter, and possess a counterfeit United States Security in violation of 18 U.S.C. §§ 371, 513(a). We review the district court's findings of fact at sentencing for clear error, and its application of the sentencing guidelines *de novo. United States v. Anderson,* 174 F.3d 515, 524 (5th Cir.1999).

Davis argues that the district court erred in finding that all of the checks seized were passable when determining the total amount of the loss involved in this case. With respect to all of the checks, except for one, check number 87561466, payable to Velma Ervin in the amount of $1,395.20, Davis has not shown that the district court clearly erred in finding them to be passable. *See Anderson,* 174 F.3d at 524. Whether the district court erred in finding the $1,395.20 check to be passable is arguable. However, even assuming error, such error is harmless because Davis' guideline imprisonment range would have remained the same and there is no indication in the record that the specific amount of the loss within the applicable range of loss affected the district court's selection of the 18–month sentence imposed. *See Williams v. United States,* 503 U.S. 193,

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.